## FREENY v. WARE & WARREN.

1. Where an execution is levied on land, and the defendant in execution was discharged as a certificated bankrupt, after the judgment, but previous to the levy, the execution and levy cannot regularly be quashed on his motion.

Writ of Error to the Circuit Court of Macon.

Freeny v. Ware & Warren.

MOTION by Freeny, to quash a writ of *fi. fa.* and its levy• on certain lands, issued on the 20th of April, 1844, at the suit of Ware & Warren, on a judgment obtained by them against Freeny, at the October term, for 1842, entered on the 24th October.

In support of the motion, it was proved that Freeny filed his petition in bankruptcy in the proper court, on the 17th November, 1842, and that he was, on the first Monday of May, 1843, fully discharged from all his debts, by the decree, &c.

The court refused the motion, and this is now assigned as error.

SEABORN WILLIAMS, for the plaintiff in error, cited Mc-Dougald v. Reed, 5 Ala. Rep. 810.

COCKE, contra, insisted that the facts disclosed were not sufficient to warrant the court to quash the levy. It was the defendant's business to show a state of facts making the execution or levy irregular. [Wilson v. Auld, 7 Ala. R. 302; Dickinson v. Toulmin, 2 S. & P. 52.]

It must then be presumed, that the land levied on was affected by the lien of the judgment, as land is, notwithstanding the discharge in bankruptcy. [Doremus v. Walker, 8 Ala. R. 194; Savage v. Best, 3 Howard, 111.]

GOLDTHWAITE, J.—An opinion in this case is necessary only to distinguish it from that of McDougald v. Reed, 5 Ala. R. 810. The description of the levy made in that case, is not stated in the report. We have again looked into the record, and find the judgment was entered, and the execution issued after the petition in bankruptcy. The levy was made of slaves. It is evident therefore, no lien was created, either by the execution or levy, which the creditor was entitled to enforce against the bankrupt's assignee, and it not being pretended the certificate was void on account of fraud, the levy was properly quashed. In the case we are considering, a levy appears to have been made upon lands of the defendant in execution, and the judgment was obtained prior to the petition for the benefit of the act, and the execution,

for aught that appears, was properly issued to enforce this lien. The case is thus brought within the principles ascertained in Doremus v. Walker, 8 Ala. R. 194; and the judgment must be affirmed.