Stewart & Fontaine v. Hargrove.

----

## STEWART & FONTAINE *vs.* HARGROVE.

1. On a motion by a bankrupt to have his discharge entered of record, where the record does not purport to set out all the evidence, and the motion itself is wanting, the Appellate Court cannot presume that there was no proof before the court below that an execution had issued, nor that the motion did not allege such to be the fact; and the rule laid down in Brown v. Branch Bank, 20 Ala. 420, does not apply to the case.

2. When the bankrupt's motion is resisted on any of the grounds specified in the act of Congress, the facts relied on to impeach his certificate must be stated with certainty to a common intent.

Stewart & Fontaine v. Hargrove.

3.  An allegation, in general terms, that the bankrupt had failed to file a full schedule of his notes and accounts, without specifying those which were omitted, is but the statement of a legal conclusion, and is also demurrable for want of precision and certainty.

4.  An allegation that he had made a fraudulent conveyance of his property, without stating the person to whom the conveyance was made, or the property conveyed, is demurrable for the same reasons.

5.  So, also, an allegation which does not set out the amount of a decree alleged to have been fraudulently omitted, nor the time of its rendition, is demurrable for want of sufficient certainty and precision.

6.  The franchise of a toll bridge is property within the contemplation of the bankrupt law, and passes to the assignee in bankruptcy.

7.  A plea alleging that a lien was created in favor of the contesting creditor before the bankrupt's application for the benefit of the act, by the delivery of an execution to the sheriff of a county in which there were slaves the property of the defendant, is defective in substance, if it does not also allege that the lien was continued up to the rendition of the decree.

8.  Specifications contesting a bankrupt's discharge on the ground of fraud, are within the statute allowing amendments on terms after a demurrer is sustained.—(Clay's Digest 334 § 19.)

9.  The court is not authorized to reject a plea containing matter which may be good, even though it is improperly pleaded.

ERROR to the Circuit Court of Russell.

Tried before the Hon. ROBERT DOUGHERTY.

THIS was a motion made by Hargrove in the court below, to enter of record his discharge from a judgment rendered against him at the Spring term, 1839, in favor of the plaintiffs in error, and also from the affirmance of the same judgment in the Supreme Court against himself and the said Elliott, who was his surety on the writ of error bond. The motion is not found in the record, but is referred to in the judgment, and appears to have been predicated upon the discharge of Hargrove under the bankrupt act of 1841.

The plaintiffs in error filed specifications against the validity of the discharge in bankruptcy on the ground of fraud, setting forth :

1.  That the said Hargrove failed to file a full and complete schedule of the property owned by him or in his possession, to-wit : " One franchise or toll bridge across the Uchee Creek, in the county of Russell, on the road leading from Crawford to Columbus, Georgia."

2.  That he made a fraudulent conveyance of property for the

purpose of defrauding his creditors, and that he failed to file a full schedule of all the notes and accounts in his possession or owned by him at the time of his filing his schedule in bankruptcy, but withheld the same for his own benefit.

3. That he withheld divers negroes in his possession, and failed to return them in his schedule, to-wit: (setting out the names of certain slaves:) and that he fraudulently conveyed said negroes for the purpose of defrauding his creditors.

4. That he was the owner of a certain decree rendered in the Superior Court of Muscogee County, Georgia, in favor of himself and Sophia Hargrove, against Owen Thomas, which he failed to return in his schedule.

The said Stewart & Fontaine also pleaded " that before the application in bankruptcy made by Hargrove, the judgment was in being, and that an execution had issued thereon, and was in the hands of the proper officer of Russell County to be executed; and that there were negroes, the propepty of said Hargrove, in said county liable to the levy of said execution, which have not been sold under the same." The plaintiff demurred to each of the specifications, and also to the plea; and the court sustained the same, as to the first, second and fourth specifications, and also to the plea, and overruled the demurrer to the third specification.

The defendants then tendered the following pleas:

1. That the said plaintiff ought not to have or maintain his said motion, because they say the said plaintiff obtained his certificate in bankruptcy by fraud, for that the said plaintiff, before and at the time of filing his schedule in bankruptcy, was the owner of a certain franchise, being the right to take and receive toll for crossing the Uchee Bridge, across the Uchee Swamp, on the road leading direct from Crawford in said county to the town of Girard in said county, and the city of Columbus, in the State of Georgia, and the said plaintiff did then and there fail and neglect to render said franchise in his said schedule, but fraudulently retained the same to his own use.

2. And for further plea in this behalf, the defendants say that the said plaintiff obtained his said bankrupt certificate by fraud, because they say that, before and at the time of filing said plaintiff's petition for the benefit of the bankrupt act, said plain-

tiff was the owner of a certain franchise, being the right to take toll for crossing the Uchee Bridge in the first plea mentioned ; and that said plaintiff, before and at the time of filing his said petition, and in contemplation of the same, and of his becoming a bankrupt, did fraudulently procure to be transferred to the names of Hartwell B. Green and William Grigg the legal title to said franchise, and yet himself continued to enjoy the profits of the same up to the expiration of the time for which the same was granted.

3. And for further plea defendants say, that the said plaintiff obtained his certificate in bankruptcy by fraud, because they say that, at the time and before the said plaintiff filing his petition in bankruptcy, the said plaintiff was the owner of a certain money decree for the sum of $1067 25, rendered by the Superior Court of Muscogee County, in the State of Georgia, upon an award of arbitration made the 4th day of June, 1842, in favor of the said plaintiff and his wife against one Owen Thomas, which said decree was, at the time of plaintiff's filing his schedule in bankruptcy, in full force, unreversed and unsatisfied ; and the said plaintiff did then and there fraudulently fail and neglect to render said decree in his said schedule in bankruptcy, but fraudulently withheld the same for his own benefit and use.

And for further plea defendants say, that said plaintiff obtained his certificate in bankruptcy by fraud, because they say that, before the filing of plaintiff's petition in bankruptcy, said plaintiff, in contemplation of said bankruptcy, and to defraud his creditors, fraudulently and without consideration conveyed to one T. P. Park the following named negro slaves, to-wit: (setting out certain slaves, their names, ages and value.)

4. And for further plea defendants say, that the said plaintiff obtained his certificate in bankruptcy by fraud, because they say that, before and at the time of filing his petition in bankruptcy, the plaintiff was the owner of the following described negro slaves, to-wit : (describing certain negroes by their names and ages ;) which said negro slaves were, before and at the time of plaintiff filing his petition in bankruptcy, owned by the said plaintiff, and in his possession; and that the said plaintiff did then and there fraudulently fail, neglect and refuse to render said negro slaves in his said schedule in bankruptcy, but fraud-

ulently withheld the same to his own use and benefit; all of which they are ready to verify," &c.

To the filing of these pleas the plaintiffs objected; the objection was sustained, and the defendants excepted.

On the trial the defendants offerred to prove that said Hargrove was the owner of the franchise as described in defendants' first specification, and that he fraudulently omitted to return it in his schedule, to which plaintiffs objected; the objection was sustained, and the defendants excepted.

The defendants also offeed to prove that the said Hargrove was the owner of the decree described in the fourth specification, and that he fraudulently omitted to return the same in his schedule in bankruptcy ; to which the plaintiff also objected, the objection was sustained, and the defendants excepted.

The rulings of the court as set out in the record, are assigned for error in this court.

Geo. D. Hooper, for plaintiffs in error, contended :

1. That the motion was erroneously granted, because not based on any suggestion, allegation or proof that an execution had issued on the judgment.—Brown v. Br. Bank, 20 Ala. 420.

2. That the judgment is erroneous, because both defendants are actors in the motion, and recover costs, although only one bankrupt is to be discharged.

3. That it was erroneous to sustain the demurrer to the plea setting up a former lien, existing before the discharge. If the plea was rightly pleaded, then plaintiffs in error had a right which was not the subject of divestiture ; and how could their right be exercised, if their judgment was destroyed ? The plea must be liberally construed.—Powell v. Knox, 16 Ala. 365.

4. That it was error to refuse permission to plaintiffs in error to prove that Hargrove owned a franchise in a toll-bridge, and an interest in a certain judgment, both of which he fraudulently omitted from his schedule.

5. That, if the specifications were required to be made matters of pleading, when ruled insufficient for want of form, leave to plead over should have been given. The pleas, in extenso, connected with allegations of fraud, were good, and should have been admitted. The demurrers relate back to the motion or declaration, and must be visited upon it.

52

He cited the following cases, "miscellaneously brought together, some of which may illustrate the matters of the record."—Lacy v. Rockett, 11 Ala. 1002; Vance v. Wells, 8 Ala. 401; Gray v. White, 5 Ala. 490; Stiles v. Lacy, 7 Ala. 17; Jefford v. Ringgold, 6 Ala. 546; Freeny v. Ware, 9 Ala. 370; Robb v. Powers, 7 Ala. 658; Gary v. Bates, 12 Ala. 544; Doremus v. Walker, 8 Ala. 194; Stewart v. Anderson, 10 Ala. 504; McDougald v. Reid, 5 Ala. 810; Cogburn v. Spence, 15 Ala. 549; Mabry v. Herndon, 8 Ala. 849; Abney v. Kingsland, 10 Ala. 355; Hargrove v. Cloud, 8 Ala. 173; Gilbert v. Bradford, 15 Ala. 769; Childs v. Franklin, 10 Ala. 80; Reavis v. Garner, 12 Ala. 661; Petty v. Walker, 8 Ala. 379; Ewing v. Peck & Clark, 17 Ala. 339; 5 U. S. Laws 28, 29.

BELSER & RICE, contra:

1. The decree in bankruptcy *prima facie* discharged Hargrove from all his debts existing at the date of the petition.— McDougald v. Reid, 5 Ala. 810.

2. The record does not show the true character of the motion, and the case, as set forth in the bill of exceptions, does not come within the authority of Brown v. Branch Bank, 20 Ala. 420, which says, without execution issued, the motion to satisfy cannot be made. If the case did fall within the principles of that decision, the decision ought to be set aside.—Francis v. Ogden, 2 Zabrouski's R. 210, and authorities cited by Chilton J. in his dissenting opinion in Brown v. Branch Bank, *supra*.

3. The certificate of the bankrupt can only be impeached for causes set forth in the act of Congress, and then only on proper specifications.—Petty v. Walker, 10 Ala. 379; Mabry v. Herndon, 8 Ala. 848.

4. The specifications which were served on Hargrove are, with the motion, the proper pleadings in the cause, and no other issues ought to be permitted.—Petty v. Walker, *supra*.

5. The court properly sustained the demurrer to the first, second and fourth specifications; they are all too general in their character, and the first contains matter irrelevant to the issue.—Mabry v. Herndon, 8 Ala. 848; Rugely v. Robinson, 19 Ala. 405; 13 Serg. & Rawle 210.

6. The pleas were properly rejected by the court; they are

but an enlargement of the original specifications. Hargrove had no notice of them until the trial, and they are outside of the issues in the cause.—Petty v. Walker, 10 Ala. 379 ; Williams v. Sinclair, 3 McLean 289 ; Harding v. Griffin, 7 Blackf. 462 ; 4 Dana 269.

7. The demurrers to the two special pleas should have been sustained ; they both lack substance, and do not come within the issues.—Doremus v. Walker, 8 Ala. 202 ; Freeny v. Ware, 9 Ala. 370 ; Stewart v. Anderson, 10 Ala. 504 ; Reavis v. Garner, 12 Ala. 661.

8. The evidence offered and rejected was only applicable to the first and fourth specifications, the demurrers to which had previously been sustained : it was applicable to no issue then before the court ; it related only to the franchise and to the decree.—Petty v. Walker, *supra.*

9. The decree alluded to shows no such interest in Hargrove as could pass to the assignee in bankruptcy ; hence it was not necessary to mention it in his schedule.—Rugely v. Robinson, 19 Ala. 405 ; Reavis v. Garner, 12 Ala. 661.

GOLDTHWAITE, J.—The motion made by the defendant in error, Hargrove, is not to be found in the record, except as it appears in the judgment entry. It is there referred to as a motion, on the part of Hargrove, to enter of record his discharge from a judgment rendered at the Spring term, 1839, of the Circuit Court of Russell County, upon the ground, so far as we can learn from the entry and the other portions of the record, that he had been discharged in bankruptcy under the act of Congress of 19th of August, 1841. As the record does not purport to set out all of the evidence, and the motion itself is wanting, we cannot say that there was not proof before the court that an execution on the judgment referred to had issued before the motion was made, nor can we say that the motion did not allege that such was the case ; and we cannot, for these reasons, apply the rule laid down by this court in the case of Brown v. The Branch Bank, 20 Ala. 420, holding that a bankrupt could not move to have his discharge entered of record for the purpose of preventing the issue of an execution. We must, therefore, examine the rulings of the court below upon some of the other points embraced by the assignments of error.

The fourth section of the bankrupt act provides, that the discharge and certificate of the bankrupt shall be conclusive evidence in his favor, unless "impeached for some fraud or wilful concealment by him of his property or rights of property, contrary to the provisions of the act, on prior reasonable notice specifying in writing such fraud or concealment." The motion of the plaintiff below being predicated upon his discharge in bankruptcy, it might properly have been resisted upon the grounds and in the mode specified by the act, either by plea, replication or notice in writing, according to the character of the proceedings against the bankrupt; but whatever mode is adopted, the fraud or concealment must be set forth in writing, and with that degree of certainty and precision which will enable the court to determine whether the facts alleged are sufficient in law to impeach the decree, and the party to meet the charge; or, in other words, the facts which are relied on to impeach the certificate, must be stated with certainty to a common intent.

Applying this rule to the case under consideration, we have no difficulty in arriving at the conclusion that the court did not err in sustaining the demurrer to the second and fourth specifications. The mere allegation, in general terms, that the bankrupt failed to file a full schedule of the notes and accounts held by him, without specifying which were omitted, and generally that he had made a fraudulent conveyance of his property, without stating the person to whom the conveyance was made, or the property conveyed, are legal conclusions, and are also wanting in that degree of precision and certainty which the rules of pleading require. The last objection also applies to the fourth specification, which sets out neither the amount of the decree nor the time of its rendition.

But the court erred in sustaining the demurrer to the first specification, which, in substance, alleged that Hargrove fraudulently omitted from his schedule a franchise consisting of a toll bridge over Uchee creek, in the county of Russell, on the road leading from Crawford to Columbus, Georgia. That a franchise of this description is property, was decided in the case of Lewis v. The Intendant of Gainsville, 7 Ala. 35; and we can perceive no valid reason why, as such, it should not pass to the assignee of the bankrupt.

There was no error in sustaining the demurrer to the plea,

which we regard as defective in substance. It alleges that, before the application of Hargrove for the benefit of the act, the judgment, in relation to which the motion was made, had been rendered, and an execution issued thereon, which had been delivered to the proper officer of Russell County to be executed, and that there were slaves, the property of Hargrove, in said county, liable to the levy of the execution, which had not been sold under the same. There is no doubt that, under the decisions of this court, any lien which was in force during the proceedings in bankruptcy would be preserved, (Doremus v. Walker, 8 Ala. 194; Freeny v. Ware, 9 Ala. 370;) but the lien acquired by the plaintiff in the judgment, by the delivery of the execution to the sheriff, is lost, unless continued by the renewal of the execution from term to term. The plea shows merely that a lien had been created, prior to the application in bankruptcy, but is defective in not showing that it continued up to the rendition of the decree.

We think, however, that the court erred in the rejection of the pleas which were tendered after the demurrer was sustained, at least as to such of them as might properly be regarded as amendments to the former specifications, which had been adjudged defective. The statute, (Clay's Dig. 334 § 19,) in direct words, allows amendments on terms after a demurrer is sustained, and we are unable to perceive any reason why its provisions should not extend to specifications contesting a decree in bankruptcy on the ground of fraud. Indeed, we are of the opinion that it falls directly within the terms of the act.— It would, of course, be the duty of the court to see that the other party was not prejudiced, by being forced into trial without reasonable notice of the facts set up by the pleas, which could be accomplished by the postponement or continuance of the trial, and such other terms might also be imposed as would meet the justice of the case; but to refuse under such circumstances a specification or plea, contesting the discharge on grounds allowed by the act, might operate to sustain fraud, and is certainly in opposition to the spirit of the statute before referred to. It will be observed, that we do not intend to decide whether the matters embraced in the pleas were well pleaded : our decision goes only to the extent, that a franchise in the bankrupt consisting of the right to take tolls for crossing at a

bridge or causeway, is a species of property which will pass to the assignee in bankruptcy; that the interest which he has in any decree or judgment also passes, and that the court is not authorized to reject a plea which contains matter which may be good in defence, even if it were improperly pleaded —Carpenter v. Jeter, 4 S. & P. 326.

The judgment is reversed, and the cause remanded.