CHAPMAN VALVE MANUFACTURING COMPANY, Appellant, vs. OCONTO WATER COMPANY, Respondent.

*October 30, 1894 — February 5, 1895.*

*Mechanics' liens: Waterworks: Public policy.*

No mechanics' lien is given by sec. 3314, R. S., upon a waterworks plant which a city has provided for the protection and convenience of its citizens by a contract with a corporation organized for that purpose; nor does that statute give a lien upon specific machinery (such as valves) furnished and used in the construction of the waterworks, the removal of which would dismantle the plant and, temporarily at least, stop its operation.

APPEAL from a judgment of the circuit court for Oconto county: SAMUEL D. HASTINGS, JR., Circuit Judge. *Affirmed.*

The defendant is a corporation organized under ch. 86, R. S., for the purpose of supplying to the city of Oconto, Wis., and its inhabitants, water for protection against fire and for domestic, manufacturing, and other purposes. It was authorized by ordinance of the common council of the city of Oconto to construct, operate, and maintain a system of waterworks in that city for thirty years. After its system of waterworks had been completed, it was accepted by the common council as being in conformity with the ordinance which authorized its construction. The plaintiff furnished certain valves, which were used in the construction of the defendant's waterworks plant, for which it has not been paid. It brings this action to enforce a mechanic's lien against the defendant's waterworks system or plant, or, if that be denied, then *against the valves themselves* as machinery. The valves are a necessary part of the system of waterworks. The circuit court held, on grounds of public policy, that the mechanic's lien laws do not apply to nor give a lien upon the waterworks system or plant of the defendant, and denied the lien, but gave a money judgment to plaintiff for

the amount of its claim. From such judgment the plaintiff appeals.

For the appellant there was a brief by *Miller, Noyes & Miller*, and oral argument by *Geo. H. Noyes*. They contended, *inter alia*, that the only question is whether sec. 3314, R. S., is applicable to the claim of the plaintiff. Has the legislature in the enactment of the mechanics' lien statutes declared that it is against the public policy of this state to enforce a mechanics' lien against the property of any corporation, private or *quasi* public? *License Tax Cases*, 5 Wall. 469; *Mallory v. La Crosse Abattoir Co.* 80 Wis. 180. The defendant is a private corporation, organized for private gain and engaged in business solely for the benefit of its stockholders. *Appeal of Des Moines Water Co.* 48 Iowa, 328; *Girard P. S. Co. v. Southwark F. Co.* 105 Pa. St. 248. But, assuming that defendant may be classed as a *quasi* public corporation, the same as railroad, street railway, plankroad, bridge, omnibus, ferry, steamship, river improvement, gas, electric light, telegraph, telephone, canal, steam supply, cold storage, elevator, or purely waterworks companies, it cannot be said that the suspension of its business would injure the public more than that of any, or many, of the others. But it is settled that the mechanics' lien laws of this state are applicable to such companies and their property. *Hill v. L. C. & M. R. Co.* 11 Wis. 214; *Purtell v. Chicago F. & B. Co.* 74 id. 132. What was said in *Wilkinson v. Hoffman*, 61 Wis. 637, with reference to the doctrine of "public policy," was not necessary to the decision, since in that case Wilkinson was a subcontractor and had not complied with sec. 3315, R. S., and was not entitled to a lien under sec. 3328 because nothing was due from the city to the principal contractor at the commencement of the action. The utmost that can be said as to the principle laid down in the opinion in *Wilkinson v. Hoffman*, is that the property of a *municipal* corporation engaged in constructing waterworks is not subject

to a mechanic's lien, any more than such municipal corporation is subject to the ordinary process of garnishment. As to a municipal corporation, the statutes pertaining to mechanics' liens and the statutes of garnishment are placed upon a similar footing. But it will not be claimed that any other corporations of this state, whether *quasi* public or not, are exempt from garnishment. If not exempt from garnishment there is no reason why they should be exempt from the ordinary laws relating to mechanics' liens.

Were this doctrine of public policy applicable to a water company, for any reason, when it is not applicable to a railroad company, it would be so applied subject to the exception stated in *Hill v. L. C. & M. R. Co.* 11 Wis. 223, in regard to specific liens in favor of the vendors or manufacturers created by the very act of acquiring a particular portion of the property. This distinction is recognized in Phillips, Mech. Liens, sec. 182. When plaintiff furnished the materials to defendant in this case, no public service was being done. The plant was not completed until a year later. By the statutes the lien dated from the commencement of the work; and if plaintiff then had a lien, against which the doctrine of public policy could not have been invoked, such lien cannot be impaired by any subsequent acts of the defendant in completing its plant, the plaintiff not having assented to any release or waiver of its lien. *Smith v. Shell Lake L. Co.* 68 Wis. 108. Where a corporation using its property for public purposes proceeds to take up and carry away a portion of the same, such portion becomes subject to execution. *Benedict v. Heineberg*, 43 Vt. 231; *Wilson v. School Dist.* 17 Kan. 110, 111. It is just as clear that such property cannot be claimed exempt from the mechanics' lien laws at any time before it had been devoted to public use, and if before that time a vested lien thereon has been acquired the public use of the same can be exercised only subject to the enforcement of such lien. The statute in

terms does not exempt from its operation the building, erection, well, or machinery of a water company organized for constructing and operating a waterworks plant; and public policy does not, for it is against common honesty so to do.

For decisions in other states, see *Smith Bridge Co. v. Bowman*, 41 Ohio St. 37; *Giant-Powder Co. v. O. P. R. Co.* 42 Fed. Rep. 470; *Brooks v. Railway Co.* 101 U. S. 443; *Canal Co. v. Gordon*, 6 Wall. 561; *Girard P. S. Co. v. Southwark F. Co.* 105 Pa. St. 248; *McKnight v. Parish of Grant*, 30 La. Ann. 361; *Schwartz v. Saiter*, 40 id. 264; *Presbyterian Church v. Allison*, 10 Pa. St. 413; *Board of Education v. Greenebaum*, 39 Ill. 610; *University of Lewisburg v. Reber*, 43 Pa. St. 305; *Beam v. Methodist Church*, 3 Clark (Pa. L. J. Rep.), 343; *McIlwain v. H. & M. R. Co.* 5 Phila. 13; *Wilson v. School Dist.* 17 Kan. 104; *Badger L. Co. v. Marion W. S., E. L. & P. Co.* 48 Kan. 182, 187.

The origin of the doctrine of public policy as applied to *quasi* public corporations seems traceable to the case of *Foster v. Fowler*, 60 Pa. St. 32; but the reasons given in that case are not applicable to states having different statutes. It was there held that as there could be no levy of execution upon the property in question, no mechanic's lien was intended. But under our statutes the enforcement of the lien is not by execution but by sale under the terms of a decree in equity. R. S. sec. 3324. And in this state an execution may be issued against the property of any corporation. The public policy of Wisconsin respecting the right of creditors to enforce their claims against similar property owned by a municipality is shown by sec. 2982 (subd. 16) providing that fire engines shall be exempt from execution, but not in an action to recover the purchase price thereof.

The plaintiff furnished machinery in and about the construction of a well, machinery, erection, and buildings, and, under sec. 3314, R. S., is entitled to a lien thereon and upon the piece of land used or designated for use in connection

with such well, machinery, building, and erection, everything necessary in the operation of the plant being regarded in law as an entirety. *Appeal of Des Moines Water Co.* 48 Iowa, 324; *Capital City G. L. Co. v. Charter Oak Ins. Co.* 51 id. 31; *Comm. v. Lowell G. L. Co.* 12 Allen, 75; *Yellow R. Imp. Co. v. Wood Co.* 81 Wis. 554; *Fond du Lac Water Co. v. Fond du Lac*, 82 id. 322; *Providence Gas Co. v. Thurber*, 2 R. I. 21; *State v. Berry*, 52 N. J. Law, 308; *Nicholas v. Chamberlian*, Cro. Jac. 121; *Goss v. Helbing*, 77 Cal. 190; *Beatty v. Parker*, 141 Mass. 523; *Edwards v. Derrickson*, 28 N. J. Law, 39; *Derrickson v. Edwards*, 29 id. 468; *Steger v. Arctic R. Co.* 89 Tenn. 454; *Brooks v. Railway Co.* 101 U. S. 443; *Canal Co. v. Gordon*, 6 Wall. 561; *Kenney v. Apgar*, 93 N. Y. 539; *Bodley v. Denmead*, 1 W. Va. 249; *Hill v. L. C. & M. R. Co.* 11 Wis. 214; *Purtell v. Chicago F. & B. Co.* 74 id. 132; *Smith Bridge Co. v. Bowman*, 41 Ohio St. 37; *Giant-Powder Co. v. O. P. R. Co.* 42 Fed. Rep. 470; *Girard P. S. Co. v. Southwark F. Co.* 105 Pa. St. 248. These valves, with the exception of two, were placed under the streets of the city. It may, therefore, be said that they were placed in premises in which the defendant does not have an interest sufficient for a lien. If this be so, plaintiff is entitled to have and retain his lien on the valves as personal property. *Wilson v. Rudd*, 70 Wis. 98; *Paige v. Peters*, id. 178; *Heath v. Solles*, 73 id. 217; *North v. La Flesh*, id. 520. The United States court for the eastern district of Wisconsin has already established a lien upon the property involved in this action. See opinion of JENKINS, J., in *National F. & P. Works v. Oconto Water Co.* 52 Fed. Rep. 43, affirmed by the court of appeals in *Oconto Water Co. v. Nat. F. & P. Works*, 59 id. 19.

For the respondent there was a brief by *Webster & Martineau*, and oral argument by *W. H. Webster*. They argued, among other things, that the defendant having nothing but a mere franchise or easement from which its income or rev-

enues are derived, except such lands and works as are appurtenant or essential to the use and enjoyment of the franchise, there is nothing that could be levied upon or taken by an officer in satisfaction of an execution, and hence there is no lien, as mechanics' lien laws are framed with reference to such property only as is subject to be sold under execution. *Bouton v. McDonough Co.* 84 Ill. 396; Phillips, Mechanics' Liens, §§ 179*a*–181; Dillon, Mun. Corp. (4th ed.), § 577. The franchise itself cannot be seized and sold on execution. Freeman, Executions, § 179, and cases cited; Herman, Executions, § 361, and cases cited; 8 Am. & Eng. Ency. of Law, 634*i*, and cases cited. The exemption of the franchise extends to all property essentially necessary to enjoy it, whether tangible or intangible. *Susquehanna Canal Co. v. Bonham*, 9 Watts & S. 28; *Gue v. Tide Water C. Co.* 24 How. 263. Only a special statute can change the rule. *Yellow R. Imp. Co. v. Wood Co.* 81 Wis. 554; Herman, Executions, § 361, and cases cited; *Gue v. Tide Water C. Co.* 24 How. 263; *People v. O'Brien*, 111 N. Y. 1; *Coe v. C., P. & I. R. Co.* 10 Ohio St. 377; *Foster v. Fowler*, 60 Pa. St. 27; *Gooch v. McGee*, 83 N. C. 59; *Ammant v. N. A. & P. T. R. Co.* 13 Serg. & R. 210; *Fond du Lac W. Co. v. Fond du Lac*, 82 Wis. 322. The doctrine that the franchises and corporate rights of a *quasi* public corporation and the means vested in them which are necessary to the existence and maintenance of the object for which they are created, are incapable of being transferred and granted away by any adverse process against them, prevents the application of mechanics' lien laws to the property of water companies with corporate rights and property similar to defendant's. *Foster v. Fowler*, 60 Pa. St. 27; *Kentucky L. & O. Co. v. New Albany W. Works*, 62 Ind. 68; *Guest v. Merion W. Co.* 142 Pa. St. 610; *McNeal P. & F. Co. v. Bullock*, 38 Fed. Rep. 565; *Harrison & H. I. Co. v. Council Bluffs C. W. Works*, 25 id. 170; *Eufaula Water Co. v. Addyston P. & S.*

*Co.* 89 Ala. 552.   The right of the public, paramount to all others, to enjoy the benefits of an improvement owing its existence solely to a franchise granted by the state, requires that the unity of a franchise and its appurtenant property be not disturbed, for together they are effective to provide the public benefits contemplated as the consideration of the grant; severed both are valueless.   For this reason the franchise cannot, without enabling legislation, be voluntary alienated, except with its essential property, even under sec. 1775 or sec. 1748, subd. 7.    *Coe v. C., P. & I. R. Co.* 10 Ohio St. 377, 378.   The property composing the plant would pass, as an incident to the franchise, by a conveyance of the franchise without other words of description.    *Shamokin V. R. Co. v. Livermore*, 47 Pa. St. 469; *Pierce v. Emery*, 32 N. H. 484; *Phillips v. Winslow*, 18 B. Mon. 431; *Willink v. Morris C. & B. Co.* 4 N. J. Eq. 377; *Shirley v. Waco T. R. Co.* 78 Tex. 131; *Parker v. N. O., B. R. & V. R. Co.* 33 Fed. Rep. 693; *State v. N. C. R. Co.* 18 Md. 193; 2 Washb. Real Prop. (3d ed.), 269, 270; *Fond du Lac Water Co. v. Fond du Lac*, 82 Wis. 322.   Several considerations seem to place railroad corporations in a class by themselves, distinguishing them from corporations which have a mere franchise and certain easements as their only property, like the defendant. (1) A railroad corporation has an estate in land and not a mere easement.   *Railroad Co. v. James*, 6 Wall. 750; *Ammant v. N. A. & P. T. R. Co.* 13 Serg. & R. 210; *Denton v. Livingston*, 9 Johns. 96; *Covington D. B. Co. v. Shepherd*, 21 How. 112; *Macon & W. R. Co. v. Parker*, 9 Ga. 393; *Leedom v. Plymouth R. Co.* 5 Watts & S. 265; *Seymour v. M. & C. T. Co.* 10 Ohio. 479; *Gue v. T. W. Canal Co.* 24 How. 263; *State v. L. & M. R. Co.* 4 Humph. 488.    (2) Railroad companies, etc., are organized wholly for convenience in traveling and carrying on business, while corporations like the defendant are incorporated, organized, and operated for purposes of public safety and public health.   *Wilkinson v. Hoff-*

*man,* 61 Wis. 637. (3) The railroads have no relation with the state as a state. They operate their roads for all alike, the state and individuals. The state stands to them on the same plane with individuals, except, as in times of war, a public necessity arises for the entire appropriation of the road by the state for state purposes. Waterworks companies cannot construct their plant in any city except it be under a franchise or contract with the city to afford the city protection against fire. They have to do with cities as municipalities. They may in addition contract with individuals, but their first duty is to afford the city protection against fire and furnish its inhabitants with wholesome water. (4) The court, in the cases relied on by plaintiff, has not said "There is no public policy in this state against enforcing a laborer's lien against the property of *any quasi public corporation* for work performed thereon," but " of *any railroad corporation.*"

NEWMAN, J. The instant case is an action for a statutory lien upon the entire waterworks plant of the defendant, or, if that is denied, upon the valves furnished by the plaintiff, as machinery which may be removed.

In *Wilkinson v. Hoffman,* 61 Wis. 637, this court held, on grounds of public policy and convenience, that a mechanic's lien was not given by sec. 3314, R. S., against machinery placed in a building which was a part of a waterworks plant owned by a city and held for public use. It was said that: "The public inconvenience which would result from having such machinery removed is too obvious and grave to require any discussion. The comfort, health, safety, and property of the citizens would be greatly endangered by allowing the facilities for procuring water to be suspended, even for a short period. In view of the serious consequences which would result by allowing the lien to attach to machinery thus used, and which more than countervails any private advantage, we are inclined to hold that the provision does

not apply in the case before us." And so the court held, "on grounds of public necessity and convenience," that a lien was not given by the statute on property so held for public use.

The city of Oconto has provided for the supply of the water necessary for its protection against fire, and for all the uses of its citizens, by a contract with the defendant, which is a corporation specially organized for that purpose, for the term of thirty years. The defendant's system of waterworks was constructed under an ordinance of the city, which directed, in considerable detail, the manner of its construction, extent and capacity of the plant, and the manner of its operation. It also gave it a franchise to construct and operate its works for thirty years. After the plant was completed, the city accepted it by an ordinance which declared it to be constructed in accordance with the ordinance and the franchise conferred. In this manner the city provided itself with a system of waterworks for the protection and convenience of its inhabitants. It became and was the waterworks of the city of Oconto. It is manifest that the inconvenience and danger which must result from a stoppage of the operation of the waterworks, or from any interference with their use and operation, to the city and to its inhabitants, would be equally grave and important whether the system was owned and operated by the city or whether the city owned only the right to have it operated for its benefit and for the benefit and protection of its citizens. The effect of enforcing a lien upon the valves, as machinery which might be removed, would be to dismantle the plant and stop its operation for a time at least, and to deprive the city and its inhabitants of its protection and use in either case. So the case comes within the rule of *Wilkinson v. Hoffman*, 61 Wis. 637, and the lien upon the valves must be denied.

To extend the lien over the entire plant would bring a like

mischief and inconvenience. The lien could, by the terms of the statute, extend only to and include the entire plant, with all the interest which the defendant has in the land on which the plant is situated. The statute, in terms, gives no more. The defendant has an oral contract with the city for the purchase of the lots on which its pumping works stand, and the franchise to lay its main pipes and hydrants in the streets. It has no other or further interest in the land. Perhaps this is a sufficient interest to support a lien, in an ordinary case, upon the plant, with the interest in the land. But in terms the statute gives no more. It gives no lien upon or right to sell the franchise to operate the works. Whether the statute shall be extended by construction to cases not within its express terms may depend somewhat on its subject matter as related to questions of public policy and convenience. The effects and consequences which may result from an enlarged construction of the statute may be considered in determining its proper construction. If it shall be held that the plaintiff has a lien which covers the plant, then the plant may be sold to satisfy the lien. It will then come to a purchaser who has no franchise to operate it, for the statute does not give a lien upon the franchise. Nor does it provide that the franchise shall follow the plant on sale under a lien judgment. Nor does the franchise follow the plant by force of the rule that the incident follows its principal. If that maxim has any application, it should be considered that the franchise is the principal thing. All other rights spring from the franchise. The franchise is a grant in gross of an incorporeal hereditament, and is not appurtenant to any particular land or property. *Fond du Lac Water Co. v. Fond du Lac*, 82 Wis. 322. It would not follow the plant on sale under a lien judgment. It is neither subject to the lien, by provision of the statute, nor follows the plant on sale as an incident follows its principal. It is not appurtenant to the plant. Nor can the

plant be sold separately from the franchise to operate it. The franchises and corporate rights of a company, and the means vested in them, which are necessary to the existence and maintenance of the object for which they were created, are incapable of being granted away or transferred by any act of the company itself, or by any adverse process against it,— unless it is authorized by a statute. *Yellow River Imp. Co. v. Wood Co.* 81 Wis. 554; *Foster & Co. v. Fowler & Co.* 60 Pa. St. 27; 8 Am. & Eng. Ency. of Law, 634, and cases cited in notes.   To sell the plant to a purchaser who had no franchise to operate it would work all the public mischief and inconvenience which its total destruction would cause. Besides, a sale of the plant separate from the franchise would be a delusive remedy to the plaintiff.   The plant without the franchise is practically without value, a consideration which shows that that cannot be the plaintiff's remedy.   Nor has a court of equity power to extend the lien over rights not made subject to it by the statute.   So it must be held that no mechanic's lien is given by the statute upon a waterworks plant which a city has provided for the protection and convenience of its citizens by a contract with a corporation organized for that purpose.

The court has not overlooked nor failed to appreciate the force of the learned and industrious opinion upon these same questions of Mr. Justice JENKINS in the United States circuit court for the Eastern district of Wisconsin against the same defendant (*National F. & P. Works v. Oconto Water Co.* 52 Fed. Rep. 43), and affirmed by the circuit court of appeals (*Oconto Water Co. v. Nat. F. & P. Works*, 7 C. C. A. 603, 59 Fed. Rep. 19).   While this court entertains the highest respect for the opinions of those learned courts, and for the distinguished ability of the judges who have pronounced and affirmed that decision, it has yet felt constrained to a different judgment by the force of its former decisions and by the logic of the situation.   It is considered that the view it has

taken in this opinion is in accord with the weight of authority and of the better reason.

*By the Court.*— The judgment of the circuit court is affirmed.

Upon a motion for a rehearing counsel for the appellant contended, *inter alia*, that the sale of the waterworks plant under a mechanic's lien would carry with it the *franchise to operate it.* This is demonstrated by the authorities cited in the opinion of Judge Jenkins in 52 Fed. Rep. 43. The franchise is not the principal thing to which everything else is an incident. *Farmers' L. & T. Co. v. Comm. Bank,* 11 Wis. 207, 214. No case can be found in which it was so held *as the point in the case.* But the question whether the property or the franchise of a corporation is the principal thing is not at all the test of whether a mechanic's lien can be enforced for the furnishing of material to the corporation. The test is whether, upon a sale of the property of the corporation against which a judgment upon foreclosure of the lien has been entered, the *franchise to use and operate such property* would pass to the purchaser as an incident to such sale. The franchise in question is such a right as "constitutes property within the usual and common signification of that word." *Mumma v. Potomac Co.* 8 Pet. 281– 285; *People v. O'Brien,* 111 N. Y. 2; *Sellers v. Union L. Co.* 39 Wis. 525; *Conway v. Taylor's Ex'r,* 1 Black, 603–632. The "franchises" referred to in the opinion in this case as being "incapable of being granted away or transferred by any act of the company itself or by any adverse process," etc., are the *franchises of being a corporation* and not the franchises which the company possesses *to operate its plant.* This is made clear by the authorities cited. The *franchise to exist* is entirely distinct from the *franchise to construct and operate.* The one is incapable of being sold by voluntary or involuntary means without express legislative au-

Chapman Valve Mfg. Co. vs. Oconto Water Co.

thority. The other does not require legislative sanction to be either sold or mortgaged or seized and sold by adverse process. The one does not pass as incident or appurtenant to the plant or corporate property; the other does. *Memphis & L. R. R. Co. v. Comm'rs*, 112 U. S. 609–619; *Wright v. M. & St. P. R. Co.* 25 Wis. 46; *Joy v. J. & M. P. R. Co.* 11 Mich. 156; 1 Beach, Priv. Corp. § 362; *Ragan v. Aiken,* 9 Lea, 609; *Neff v. Wolf R. B. Co.* 50 Wis. 585; *New Orleans, S. F. & L. R. Co. v. Delamore,* 114 U. S. 501; *Morgan v. Louisiana,* 93 id. 217; *Lawrence v. M. L. & T. R. & S. Co.* 39 La. Ann. 427; *Monongahela Nav. Co. v. U. S.* 148 U. S. 312; *McNeal P. & F. Co. v. Howland,* 111 N. C. 615; *Wilmington R. R. v. Reid,* 13 Wall. 264; *Syracuse W. Co. v. Syracuse,* 116 N. Y. 167, 182; *Gloninger v. P. & C. R. Co.* 139 Pa. St. 13; *Carpenter v. Black Hawk G. M. Co.* 65 N. Y. 43; *Lord v. Yonkers F. Gas Co.* 99 id. 547; *Butler v. Rahm,* 46 Md. 541, 547; *Meyer v. Johnston,* 53 Ala. 237; *Metz v. B. C. & P. R. Co.* 58 N. Y. 61; *Stewart v. Hargrove,* 23 Ala. 429; *Bank of Middlebury v. Edgerton,* 30 Vt. 182, 190; *Ludlow v. C. L. R. Co.* 1 Flippin, 25; *Coe v. C., P. & I. R. Co.* 10 Ohio St. 372; *Pullan v. C. & C. A. L. R. Co.* 4 Biss. 35; *Charles River Bridge v. Warren Bridge,* 11 Pet. 630. By reference to the laws of this state, cited in the opinion in *Nat. F. & P. Works v. Oconto W. Co.* 52 Fed. Rep. 54, 55, it appears beyond question that the legislature has in every way possible authorized and sanctioned the right to sell, mortgage, or otherwise dispose of the franchises of a corporation. Whether this means both classes of franchises or not is immaterial. If by such legislation the defendant could by voluntary act dispose of its franchise to build, maintain, and operate the water plant, it is equally certain that such disposition and sale of the franchise can be had by involuntary alienation at the suit of a creditor. That this company had authority, under the laws of this state, to mortgage its franchise to operate its plant, even

separate from its other property, has been adjudicated in *Andrews v. Nat. F. & P. Works*, 61 Fed. Rep. 782. A court of equity, without express statutory authority, could place the management of a corporation in the hands of a receiver, who would have a right to operate its property for the benefit of the public. *Louisville Water Co. v. Hamilton*, 81 Ky. 517. And under a voluntary assignment the franchise to operate the property would pass to the assignee, with like effect as to a receiver. *Garden City B. & T. Co. v. Geilfuss*, 86 Wis. 612. Why, then, would not such franchise pass to the purchaser of the property upon a sale under a judgment for a mechanic's lien? The city of Oconto, by its ordinance, expressly recognized the right of the company to dispose of the franchise to construct and operate the plant, by authorizing the company, "*its successors and assigns*," to construct, operate, and maintain the waterworks; and the city also reserved the right to purchase the waterworks, together with its "rights, privileges, and franchises." Sec. 3229, R. S., providing that the franchises of "any turnpike or other corporation organized to receive *toll*" may be taken on execution, is broad enough to cover the defendant corporation. *McNeal F. & P. Co. v. Howland*, 111 N. C. 615; *McKee v. G. R. & R. L. St. R. Co.* 41 Mich. 274; *Wis. Tel. Co. v. Oshkosh*, 62 Wis. 32.

The motion was denied February 5, 1895.