THE STATE EX REL. BADGER ILLUMINATING COMPANY and others, Respondents, vs. ANDERSON, Appellant.

*September 9 — September 28, 1897.*

*Corporate franchises assignable.*

Though they were not assignable at common law, yet under ch. 221,. Laws of 1883, as amended by ch. 127, Laws of 1891, the franchises. or rights of an electric light company were assignable to and might be acquired by a corporation organized under ch. 86, R. S. 1878, such as an electric street-railway company, in case they would be in direct aid of the business for which the corporation so acquiring them was organized. *State ex rel. Milwaukee St. R. Co. v. Anderson,* 90 Wis. 550, explained and overruled.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

The facts are fully stated in the opinion.

For the appellant there was a brief by *Howard Van Wyck,* city attorney, and *C. H. Hamilton,* special assistant, and oral argument by *Mr. Hamilton.*

For the respondents there was a brief 'by *Miller, Noyes,. Miller & Wahl,* and oral argument by *B. K. Miller, Jr.*

PINNEY, J. The record before us shows that the *Edison Electric Illuminating Company* and the *Badger Illuminating Company* sold all their property and franchises to the Milwaukee Street Railway Company in 1890 and 1891, respectively. In the year 1894 an assessment had been made against the Milwaukee Street Railway Company, the particulars of which are stated in the case of *State ex rel. Milwaukee St. R. Co. v. Anderson,* 90 Wis. 552, consisting of the following items, namely:

Real estate, assessed in the various wards where the same is situated...................................................... $553,790·

Personal property, consisting of horses, cars, etc., in the Third ward ........................................................ 200,000·

The State ex rel. Badger Illuminating Co. and others vs. Anderson.

| | |
|---|---:|
| The franchises, together with all tracks, ties, stringers, feed wires, poles, trolley wires, cables, and switches, owned by it in the city of Milwaukee,.together with poles, wires, meters, insulators, light conductors, and cables of the properties known as the Badger Illuminating Company, owned by the Milwaukee Street Railway Company, assessed in the Third ward ................................... | 2, 063, 000 |
| Merchants' stock, assessed in the Twelfth ward at ......... | · 5, 000 |
| Personal property, assessed in the Second ward at ......... | 2, 000 |
| Franchises of the Badger Illuminating Company .......... | 25, 000 |
| Franchises of the Edison Electric Illuminating Company.. | 12, 000 |
| Making a grand total of ............................. | $2, 860, 790 |

The Milwaukee Street Railway Company sued out a common-law writ of *certiorari* to review and reverse said assessments, and it was claimed that the franchises of the Milwaukee Street Railway Company were not taxable. *State ex rel. Milwaukee St. R. Co. v. Anderson*, 90 Wis. 550. Upon this writ the circuit court for Dodge county gave judgment reversing and setting aside the assessment of $2,063,000 for franchises, together with tracks, etc., and also setting aside the assessment of $12,000 and of $25,000 for the franchises of the *Edison Electric Illuminating Company* and the *Badger Illuminating Company*, respectively; and an appeal was taken from such judgment to this court (90 Wis. 550), where the judgment of the circuit court for Dodge county was in all respects affirmed, thus disposing of that entire assessment.

The principal question considered and decided was whether the franchises of a street railway company were liable to assessment and taxation. In that case it was said that: "The assessments against the Milwaukee Street Railway Company for the franchises of the *Badger Illuminating Company* and for the franchises of the *Edison Electric Illuminating Company* cannot be sustained; and so, too, as to any property belonging to either of those companies. The franchises of the two last-named companies, and any property they may

own, belong in law to them, respectively, and are proper matter of assessment against such companies only. Their franchises of existence are inalienable, and their other franchises and property they had no power to make over, by deed or transfer, to the street railway company, so as to disable them from performing the duties they owe, respectively, to the public as a consideration for the franchises granted to them." It was considered, therefore, that the assessment against the Milwaukee Street Railway Company was excessive by reason of the inclusion therein of the assessments for the franchises and property of the two companies above named, and that assessments therefor should have been made against such companies respectively; that the franchises of the Milwaukee Street Railway Company, and its other property therein mentioned, had not been assessed as an entirety in the assessment district in which the company had its principal office, as the law required. The writer, in speaking of the assignability of corporate franchises, stated the common-law rule that such franchises were inalienable, without adding the qualification that they were inalienable *without the consent of the state, or as authorized by statute*, as had been stated in the previous case of *Chapman Valve Mfg. Co. v. Oconto Water Co.* 89 Wis. 274. The question of the assignability of the franchises of these two companies was not argued in the case of *State ex rel. Milwaukee St. R. Co. v. Anderson, supra*, and no statute authority authorizing their assignment was cited or relied on, although at the time of the transfer of the franchises of these two companies to the Milwaukee Street Railway Company, as now pointed out, and as it now appears, full statutory authority for that purpose then existed. There was certainly no occasion for any doubt but that the legislature had ample authority to provide by statute for the sale and transfer of all franchises created by or under their authority. The passage in question could hardly have misled any one.

The assessments made in the following year upon the franchises of these two companies are questioned by the writ of *certiorari* herein.    At the time when the transfer and assignment of the franchises of these two companies were made to the Milwaukee Street Railway Company, ch. 221, Laws of 1883, as amended by ch. 127, Laws of 1891, was in force, providing, in substance, that any corporation organized under ch. 86, R. S. 1878, and the acts amendatory thereof, or under any other law of this state for the same purposes, or any such corporation carrying on any of the branches of business specified in said ch. 86, may take and acquire, by lease, purchase, sale, conveyance, or assignment, and thereafter own, hold, and enjoy, any right, privilege, or franchise heretofore or hereafter granted to or conferred upon any person or persons whomsoever by any law of this state, in all cases where such right, privilege, or franchise would be in direct aid of the business for which such corporation so acquiring or purchasing the same was organized. Under these statutes the franchises of these two companies were assignable.

The question of the assignability of franchises was afterwards considered in *Wright v. Milwaukee Electric R. & L. Co.* 95 Wis. 29, where it was held that such franchises or rights as those now under consideration were undoubtedly inalienable at common law, but that a sale and transfer thereof might, however, be authorized by statute, and that such authority had been granted by the statutes of this state. The question of the assignability of such franchises is certainly now free from doubt.    Several other statutes bearing upon the subject of the sale and transfer of franchises were cited in the brief of counsel for the relators.

It follows, therefore, that the assignments and transfers of the franchises of the two companies named, mentioned in the record, to the Milwaukee Street Railway Company, were valid, and that the assessment of the same property against

these companies, respectively, complained of, was illegal and void; and the judgment of the circuit court setting aside and reversing the same must therefore be affirmed.

*By the Court.*— The judgment of the circuit court for Milwaukee county, appealed from, is affirmed.