HARDER, Respondent, vs. HOSP, Appellant.

*September 3 — September 20, 1887.*

CHATTEL MORTGAGE, *right of mortgagee to sell property before debt matures:* CONVERSION: ESTOPPEL.

1. A provision in a chattel mortgage that, "for further security," the mortgagee may take the property into his possession at any time he thinks proper, authorizes him merely to take and hold the same as security, not to sell it.

2. A mortgagee of chattels whose mortgage authorizes him, upon neglect or failure of the mortgagor to pay the debt secured, with interest, or to perform any of his covenants therein expressed, to " sell the said property or any part thereof, at public or private sale, and from the proceeds retain the amount of said debt and interest due at the time of such sale," and all costs, etc., rendering the overplus to the mortgagor, and also authorizes him " for further security " to take the property into his possession at any time he thinks proper, commits a tort if he takes the property under the latter clause, before any default or breach of condition on the part of the mortgagor, and sells the same after refusing to accept payment of the amount due; and an action for the conversion thereof will lie in favor of the mortgagor.

3. A mortgagee of chattels who takes possession of the property before the debt is due, under a clause authorizing him to do so "for further security," and then sells the same, is estopped from claiming, in an action by the mortgagor for the conversion thereof, that the debt had not matured; and from complaining that in such action the value of the property sold is applied to the extinguishment of the debt, especially if he is allowed interest to its maturity.

APPEAL from the Circuit Court for *Washington* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *P. A. Weil*, and oral argument by *H. W. Chynoweth*, of counsel. They argued that the appellant's possession of the property was under the mortgage and rightful. The legal title was in him, and the mortgagor had only a right to redeem, which would not entitle him to maintain this action at law. *Mowry v. First Nat. Bank*, 54 Wis. 38; Jones on Chattel Mortgages, 684; *Holmes v. Bell*, 3 Cush. 322; *Heyland v. Badger*, 35 Cal. 404. If a tender would have the effect to release the property, no legal tender is shown in this case, nor was the mortgagee bound to accept one made before the debt was due. *Moore v. Cord*, 14 Wis. 213. He had a right to take possession when he did. *Huebner v. Koebke*, 42 Wis. 319. If there was any conversion, it was by the sale, and the evidence does not show a sale of the whole of the property. But evidence of breaches of covenants by which the sale was justified was erroneously excluded. The payments made should have been applied first to the mortgagor's unsecured indebtedness to the defendant.

*H. W. Sawyer*, for the respondent, very fully discussed the rights of the parties to chattel mortgages, and cited numerous authorities.

ORTON, J. On the 23d day of September, 1884, the respondent and plaintiff gave to the defendant, *Hosp*, a note for $800, due in two years, with interest, and, to secure said note, a chattel mortgage, upon farming products, cattle, horses, farming implements, and many other things, constituting nearly everything the plaintiff had upon a certain farm that he was cultivating and occupying, of the value of over $1,300. In said mortgage there was the usual condition that, upon default of payment or violation of any of the conditions of said mortgage by the said plaintiff, the

said defendant was empowered to sell said property, or any part thereof, at private or public sale, and retain from the proceeds of said sale "sufficient to pay and satisfy the whole amount of the sum of eight hundred dollars, and interest, *which may be due at the time of said sale,* and all costs, charges, and expenses," etc., "rendering overplus, if any, to said plaintiff," etc. It will be observed that this stipulation, so far as it authorizes a sale upon any condition broken other than the default in payment after due, authorizes the defendant, the mortgagee, to treat the whole sum as due, and apply the proceeds to the extinguishment of the debt and interest at that time, and return the overplus. Said mortgage had another condition, that the defendant, "for further security, might take said property into his possession at any time he may think proper." Under this condition the defendant took possession of said property in the spring of 1885.

The testimony tended to show, and the jury were warranted in finding, that the defendant not only took the property under this condition, but *sold it,* and converted it to his own use. When the defendant took possession of the property, or about that time, the plaintiff tendered and offered to pay the whole amount of said debt and interest, and the defendant refused to receive the same, with the threat that he would sell the property, and he accordingly did sell the property. It appears that the plaintiff had before that time paid a large part of said debt, and the defendant had voluntarily received the same. There was much evidence, but it all tended to prove these main facts. The learned circuit judge, as we think, charged the jury correctly, and virtually ruled, that the defendant was guilty of a conversion of the property. This question settled, there was nothing left except for the jury to find the value of the property, and the amount due upon the mortgage, or rather to become due, at maturity of the debt, and interest. This

application of the value of the property to the payment and, perhaps, the extinguishment of the debt, in this manner, is complained of by the appellant. But it was most favorable to him, by reducing the amount of the verdict against him *pro tanto*, and by giving him beforehand the whole amount of the debt, and interest to the time of maturity. The defendant, having used his option under the first condition to sell the property before said condition was broken, is estopped from saying that the whole debt and interest were not payable.

There are many questions raised and discussed upon this appeal that do not appear to be material to the real merits of the case. This transaction would seem to be a very plain one on the evidence. There is nothing complicated or technical about it. The defendant as the mortgagee took possession of the mortgaged property with the intention of selling it, and did so sell it without any right whatever to do so. His pretense that he took possession of the property and sold it *under the mortgage*, or by virtue of the mortgage, can avail him nothing. The mortgage gave him no such right. So far as the defendant's conversion of the property is concerned, he was and is a stranger to the mortgage. That the court gave him the benefit of diminishing the amount of recovery for the conversion, by deducting the mortgage debt and interest up to the time of maturity, was an act of grace and equity most favorable to the defendant, and he cannot complain of it, but this does not change the real nature of this transaction as a fraudulent and tortious conversion of the plaintiff's property. We do not think that there are any errors in the record affecting the right and justice of the case, or that are material. We shall not attempt to revise the finding of the jury on the value of the property, or the amount of the mortgage moneys. It certainly cannot be necessary to cite authorities to show that the defendant converted the property by

refusing a tender of the mortgage money, and threatening to sell the property, and selling it; in fact saying at the time of the tender, that he had already sold it; and all this was outside of any authority of the mortgage. The mortgage only authorized the defendant to take possession of the property and hold it *as security*, and he sold it without any authority whatever. The offer of the money to the defendant cuts no figure in the case as a technical *tender*. It is a fact, however, with the other facts of fraud and bad faith, which goes to show the conversion of the property. Every principle of this case was considered in *Wheeler v. Pereles*, 43 Wis. 339. If other authorities are necessary, they are found in the respondent's brief.

*By the Court.*— The judgment of the circuit court is affirmed.