### OCONTO WATER CO. v. NATIONAL FOUNDRY & PIPE WORKS, Limited.

(Circuit Court of Appeals, Seventh Circuit. November 7, 1893.)

#### No. 91.

1. MECHANIC'S LIEN—PROPERTY SUBJECT TO—WATER COMPANIES.

   Rev. St. Wis. § 3314, which provides that, in case any person shall purchase machinery to be placed on premises in which the purchaser has not an interest sufficient for a lien, the person furnishing the machinery shall have a lien on it, and a right to remove it, does not apply to the pipes of a water company, laid through the streets of a town, and connected with the pumping works of the company. The plant of the company is an integer, and cannot be separated under a lien.

2. SAME.

   The public policy of Wisconsin is independent of that of other states, and under it the property of quasi public corporations is subject to the

general lien laws. In this respect a water company does not differ from a railroad company. Hill v. Railroad Co., 11 Wis. 215, followed.

3. SAME.
    The entire plant of a water company, including piping laid in the streets of a city, and the interest of the company in the premises, are by Rev. St. Wis. § 3314, subject to the lien of the material man furnishing the piping.

4. SAME— QUASI PUBLIC CORPORATION — ENFORCEMENT OF LIEN — FRANCHISE AND PLANT
    Where the law gives the material man a specific lien upon a certain plant, and the plant and franchise, being that of a water company, cannot be separated by judicial sale because of their peculiar public use, a court of equity has power to decree the sale of both plant and franchise in satisfaction of the lien. 52 Fed. 43, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

In Equity. Bill by the National Foundry & Pipe Works, Limited, against the Oconto Water Company, to foreclose a mechanic's lien. Complainant obtained a decree. 52 Fed. 43. Defendant appeals. Affirmed.

W. H. Webster, for appellant.
George H. Noyes, for appellee.

Before WOODS, Circuit Judge, and BUNN and BAKER, District Judges.

PER CURIAM. We concur in the opinion and conclusion of the circuit court as reported in 52 Fed. 43. The decree below is therefore affirmed.