GREENWOOD, A. & W. RY. et al. v. STRANG et al.

STRANG et al. v. GREENWOOD, A. & W. RY. et al.

(Circuit Court, D. South Carolina. December 4, 1896.)

1. EQUITY JURISDICTION—MONEY DEMAND.
   The courts of the United States sitting in equity have no jurisdiction to enforce a demand for money only, unless there be an acknowledged debt, or one established by a judgment rendered, accompanied by an interest in the debtor's property or a lien thereon, created by contract or by some distinct legal proceeding.

2. MECHANICS' LIENS—RAILROADS.
   A railroad is not a building or structure, within the meaning of the South Carolina mechanics' lien law, and is not subject to such liens.

Mordecai & Gadsden and Trenholm, Rhett & Miller, for complainants.

Mitchell & Smith, for defendants.

SIMONTON, Circuit Judge. These two cases have been consolidated, and were heard together. The first-named case was instituted in the court of common pleas for Barnwell county, and has been duly removed into this court. The second case was a bill filed in this court by W. B. Strang, Jr., & Co., in behalf of themselves and all other creditors. The facts are these: W. B. Strang, Jr., and Co., are railroad contractors. They entered into a contract with the Greenwood, Anderson & Western Railroad Company to construct a road from Seivern to Greenwood, and further to carry on the road to Batesburg, S. C. The work was to be paid for, part in cash, and part in bonds. For the purpose of this opinion, a detailed statement of the contract is not necessary. It is sufficient to say that, after a very large portion of the work was performed, differences arose between the contractors and the railroad company, which led to a rescission of the contract, with a large claim for work done on the part of the contractors. Thereupon the contractors recorded in the proper offices of Barnwell and Lexington counties a mechanic's lien on the railroad property, and claimed the right to enforce it; whereupon the proceedings first named were instituted by the railroad company, seeking an injunction against the contractors, restraining them from setting up, seeking to enforce, or proceeding under their mechanic's lien. The state court granted a temporary injunction after hearing, and in

that plight the case has come here. After these proceedings were instituted, and the temporary injunction granted, Strang, Jr., & Co. filed a creditors' bill in this court, charging insolvency upon the part of the railroad company, bad faith and fraud in their conduct under the contract, and setting up a large claim for money due to them and unpaid under their contract, which has been secured by the record of the mechanic's lien.

The first question which arises is, has this court jurisdiction because of a lien held by Strang & Co.? The claim of Strang, Jr., & Co. is an unliquidated demand for money, in itself a matter properly cognizable in a court of law, and not within the jurisdiction of this court, unless there be an acknowledged debt or one established by a judgment rendered, accompanied by a right to the appropriation of the debtor's property for its payment, or, to speak with greater accuracy, there must be, in addition to such acknowledgment or established debt, an interest in the property, or a lien thereon created by contract or by some distinct legal proceeding. Smith v. Railroad Co., 99 U. S. 398; Scott v. Neely, 140 U. S. 113, 11 Sup. Ct. 712. It makes no difference what fraud may be charged or even proved. "Unless a creditor has a certain claim on the property of his debtor, he has no concern with his frauds." Wiggins v. Armstrong, 2 Johns. Ch. 144. As is expressed in Scott v. Neely, the existence, before the suit in equity is instituted, of a lien upon or interest in the property created by contract or by contribution to its value by labor or material or by judicial proceedings had, will enable that court to entertain a suit on a common-law demand, notwithstanding the provisions of the constitution of the United States preserving the right of trial by jury in suits at common law, when the value in controversy exceeds $20. Scott v. Neely is affirmed in Cattle Co. v. Frank, 148 U. S. 612, 13 Sup. Ct. 691. In order, therefore, to sustain the jurisdiction of the court over the second bill, it must be shown that the complainants have secured a mechanic's lien. The first bill and the injunction thereunder proceed upon the idea that the contractors are not entitled to a mechanic's lien. The same question, therefore, is the crucial question in each case: Is a contractor who is engaged in building a railroad entitled to a mechanic's lien under the law of South Carolina? The statute is in these words (Rev. St. S. C. § 2465):

"Any person to whom a debt is due for labor performed or furnished, or for materials furnished and actually used, in the erection, alteration or repair of any building or structure upon any real estate by virtue of an agreement with, or by consent of, the owner of such building or structure, or any person having authority from or rightfully acting for such owner in procuring or furnishing such labor or materials, shall have a lien upon such building or structure, and upon the interest of the owner thereof in the lot of land upon which the same is situated, to secure the payment of the debt so due him, and the costs which may arise in enforcing such lien under this article, except as is provided in the following section."

This section is an exact copy of section 2350, Gen. St. S. C. 1882, which has the force of an act, and is also an exact copy of section 1 of the act of 1869 (14 St. at Large, 220).

Is a railroad a building or structure in the meaning of this act? In the absence of any decision by the court of last resort of the

state of South Carolina on this point, this court must reach its own conclusion. No such case appears in the reports. In County Com'rs v. Tommey, 115 U. S. 122, 5 Sup. Ct. 626, 1186, it was held that a law giving mechanics and laborers a lien on buildings, including the land on which they stand, for labor or materials in their construction or repair, should not be extended to railroads, unless there was clear and distinct language in the act including railroads. This was put on the ground of public policy and the interest of the public in railroads as a going concern. Were it otherwise, railroads could be constantly obstructed, and their use interrupted, by claims of this character, and the interest of the public in them injured. The court discusses the law of North Carolina at length, and holds that there is nothing to take the case out of the general rule laid down. The case of Brooks v. Railway, 101 U. S. 443, is quoted, and it is shown that case proceeded upon the words of the Iowa statute expressly including "contractors, subcontractors, material furnishers, mechanics, and laborers, engaged in the construction of any railroad or other work of internal improvement." Meyer v. Hornby, Id. 728, depends on the same statute of Iowa. Taylor v. Railway Co., 4 Dill. 570, Fed. Cas. No. 13,783, is under the same statute. In National Foundry & Pipe Works v. Oconto Water Co., 52 Fed. 43, affirmed in 7 C. C. A. 603, 59 Fed. 19, the question is made to depend upon the public policy of the state in which the lien is sought to be upheld. After a review of the Wisconsin cases, the court held that the exemption from mechanics' liens enjoyed in that state by public corporations does not extend to quasi public corporations, like a waterworks company or a railroad. The public policy of South Carolina in this respect has no distinct expression. In Watson v. Bridge Co., 13 S. C. 434, a mechanic's lien was enforced against the Columbia Bridge Company. The question before the court, however, did not bear in any way on the validity of the lien per se. That point was not raised or discussed or even suspected in the case.

There may or may not be significance in the language used in the general railroad law (section 1691, Rev. St. S. C.) giving priority to judgments against a railroad for injury to person or property over any mortgage to secure bonds of the company. That section says:

"Said judgment shall relate back to the date when the cause of action arose, and shall be a lien as of that date, of equal force and effect with the lien of employés for wages upon the income, property, and franchises of said corporation, enforceable," etc.

It may be that this protection contemplated for employés for wages excludes the idea that the legislature favored any other contractors with railroad companies.

The decision in County Com'rs v. Tommey, supra, seems to control this case, and will be followed.

But, although the jurisdiction of the court cannot be maintained upon the theory that Strang & Co. have a lien, yet there are other grounds of equity which demand the retention of the cause. The pleadings disclose an account between these parties running over

a series of months, complicated and intricate, which cannot be unraveled before a jury so as to give complete and adequate remedy at law. Devereux v. McCrady (S. C.) 24 S. E. 77. The bill seeks the complete rescission, and the release from further performance of an executory contract. The bill by Strang, Jr., & Co., the cases now being consolidated, has the full force and effect of, and practically is, a cross bill on the removed cause, and in that view must be retained. An order will be passed continuing the restraining order in the first case, reserving for the present the question of appointing a receiver, and referring the case to a special master.