## NATIONAL FOUNDRY & PIPE WORKS. Limited, v. OCONTO CITY WATER SUPPLY CO. et al.

(Circuit Court of Appeals, Seventh Circuit.   February 1, 1902.)

### No. 673.

1. MORTGAGE—SUIT TO REDEEM FROM SALE—RES JUDICATA.

Complainant brought suit in a federal court to establish a mechanic's lien upon the property of a water company for supplies furnished in the construction of its plant, and obtained a decree establishing its lien, and also a judgment against the company. Pending such suit a mortgage upon the plant of the company was foreclosed in a state court, and the property was sold and purchased by the mortgagees, who were not parties to the suit in the federal court. Thereafter complainant brought a creditors' suit in the federal court in aid of its judgment, one of the purposes of which was to obtain a decree of priority of its lien claim over the mortgage, and the title acquired by the mortgagees thereunder. It obtained such decree, but on appeal its bill was dismissed by the circuit court of appeals, following a decision that had in the meantime been rendered by the supreme court of the state, holding that, under the state statute, waterworks property was not subject to a mechanic's lien. *Held*, that such judgment was a conclusive adjudication of the invalidity of complainant's lien as between it and the mortgagees, and that, having only the status of an unsecured creditor, it could not maintain a suit against such mortgagees and their grantee to redeem from the mortgage sale.

2. COURTS—JURISDICTION OF SUBJECT-MATTER—PENDENCY OF SUIT IN ANOTHER COURT.

The pendency of a suit in a federal court to obtain a judgment and a decree establishing a mechanic's lien, in which the court does not take possession of the property which remains in the defendant, does not affect the jurisdiction of a state court to entertain a suit for the foreclosure of a mortgage on the property; nor does the decree in the lien suit bind the mortgagee, who is not a party thereto, or affect the rights of a purchaser at the foreclosure sale.[1]

3. LIS PENDENS—OPERATION AND EFFECT—PERSONS BOUND BY DECREE.

The doctrine of lis pendens affects only intermediate purchasers who voluntarily acquire rights from one of the parties pending the suit. It has no application to a case where, pending a suit to establish a lien upon property, a mortgage thereon antedating the lien suit is foreclosed in another court, so as to render the decree in the lien suit binding on the purchaser at the foreclosure sale, whose title relates back to the date of the mortgage.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

George H. Noyes, for appellant.

George G. Green and W. H. Webster, for appellees.

[1] Conflicts of jurisdiction between federal and state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.

Before WOODS and GROSSCUP, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge.   This is a suit in equity to compel redemption of a waterworks plant in the city of Oconto, Wis., from sale under several mortgages foreclosed in the state court by the appellees Andrews & Whitcomb, purchased and bid in by them upon sale under the foreclosure for some $64,000, moneys loaned and advanced by them and used in the erection and construction of the plant, and afterwards sold by Andrews & Whitcomb to the appellee, the Oconto City Water Supply Company, and since owned, occupied, and operated by said company.   The subject has been in litigation for several years both in this court and the state courts, and the matters involved in this suit, if not stare decisis or res adjudicata, in view of the decisions already made in the state and federal courts, there is in the judgment of the court, upon a careful study of these cases and of the record, but little ground for the appellant to stand upon.   Almost any person or party less heroic in contested and stubborn litigation, and not so skilled in shifting attitudes and raising new points, would have been reasonably satisfied, in view of the decision of this court in a former suit involving the same subject and title, and reported as Andrews v. Pipe Works, 22 C. C. A. 110, 76 Fed. 166, 46 U. S. App. 281; City of Oconto v. National Foundry & Pipe Works, Id.; Chapman Valve Mfg. Co. v. Oconto Water Co., 89 Wis. 264, 60 N. W. 1004, 46 Am. St. Rep. 830; and National Foundry & Pipe Works v. Oconto City Water Supply Co., 105 Wis. 48, 81 N. W. 125,—to have given up the struggle without further effort at litigation.   The opinion of the district judge who heard this case, which is printed in the record, seems to be entirely satisfactory, and places the decision dismissing the bill upon solid ground.   The facts are not fully stated in that opinion, but they have been so many times stated in the cases referred to, both in the state and federal courts, and the history of the litigation so fully given, that it seems almost a needless labor to go over the work again.   But perhaps a brief statement will be prudent, if not necessary to the proper understanding of the questions involved.

The foundation of the appellant's claim against the property in the various forms in which it has been successively made is the furnishing to the Oconto Water Company, a corporation organized to construct a system of waterworks in the city of Oconto, a quantity of pipe sold to the water company between September 8 and November 24, 1890, amounting to the sum of $25,637.32, and used by that company in the construction of the plant.   On September 13, 1890, the water company mortgaged its plant and franchises to Andrews & Whitcomb, citizens of Maine, who advanced and loaned to the company money to the amount of $64,000, and which was used in the construction of the plant.   On January 30, 1891, the appellant began suit in the court below against the Oconto Water Company to enforce a mechanic's lien on the company's water plant, and on October 3, 1892, obtained a decree for such lien in the sum of $24,250.04. It also obtained a judgment at law in the same court for the amount

of its claim. On June 17, 1891, Andrews & Whitcomb commenced an action in the state court to enforce their mortgages, and obtained a judgment of foreclosure and sale in due form of law on August 13, 1891; and under this judgment a sale of the property and franchises was made to the mortgagees, Andrews & Whitcomb, which sale was duly confirmed by the court, and a deed and conveyance of the plant and franchises and all the property appurtenant thereto or connected therewith was made to Andrews & Whitcomb. After the title was thus vested in Andrews & Whitcomb, on July 12, 1892, they transferred the property to the Oconto Water Supply Company, a corporation organized for the purpose of purchasing the same and operating the plant to supply the city and the citizens thereof with water. On July 11, 1892, appellant commenced a creditors' suit in the United States circuit court for the Eastern district of Wisconsin supplemental to and in aid of its judgment at law, one of the purposes of which was to obtain a decree of priority of its lien claim upon the plant and property over the title of Andrews & Whitcomb under the mortgage foreclosure proceedings and deed of conveyance. In this action the rights of the parties to that suit, including the right of the appellant to a lien under the mechanic's lien laws of Wisconsin, as against Andrews & Whitcomb, were presented for adjudication. The claim on the part of Andrews & Whitcomb was that they were not bound by the lien judgment, because not made parties to the suit to enforce it, and that the waterworks were not subject to the laws of Wisconsin respecting mechanics' and material men's liens. On the part of the appellant, the National Foundry & Pipe Works, the validity of the mortgages under which Andrews & Whitcomb claimed title was attacked, and it was claimed that its lien was a first claim against the water company's property, and should be so adjudged. The decree of the circuit court gave the appellant all it asked, and made its claim a first lien, and ordered a sale of the plant and franchises of the water company to satisfy the lien. The case was appealed to this court. Before a hearing could be had here, however, the supreme court of Wisconsin, in Chapman Valve Mfg. Co. v. Oconto Water Co., 89 Wis. 264, 60 N. W. 1004, 46 Am. St. Rep. 830, had, upon full consideration, decided that a water plant provided by a city, by contract with a private corporation, for the protection and convenience of its citizens, is not, under the laws of Wisconsin, subject to lien claims under chapter 143, Rev. St. 1878. The circuit court had entered a decree in the suit sustaining the lien judgment, and adjudging that it was binding upon Andrews & Whitcomb as privies of the water company; the theory being based on the fact that they were owners of the stock of the water company when the indebtedness accrued for which the lien was claimed. This decree as to Andrews & Whitcomb was reversed by this court, and the bill dismissed. See 22 C. C. A. 110, 76 Fed. 166, 46 U. S. App. 284. The issues in that case were much broader than in the case at bar,—broad enough, probably, to have included the issue made here upon the right of the appellant to redeem from the sale under the mortgage foreclosure, if such a claim had been made and such relief asked for. But in that case appellant did not ask to redeem as though it were a junior incumbrancer,

but asked for a decree adjudging the title and right of the property to be in the appellant, without money and without price, unless its claim was paid. The contention was that its rights in the property were superior and paramount to those of Andrews & Whitcomb. This issue was adjudged against the appellant; this court holding that under the decisions of the state court the appellant never had any lien upon the property, and that the judgment adjudging a lien was erroneous, although it was res adjudicata as to the parties to that suit, in which the lien was adjudged. In that opinion this court, by Woods, circuit judge, say:

"The question of primary importance, it is evident, is whether the liens decreed in favor of the complainant and one of the interveners were authorized by the provisions of section 3314, Sanb. & B. Ann. St. Wis. As between two of the parties to the record, the question has been decided by this court in the affirmative. Oconto Water Co. v. National Foundry & Pipe Works, 7 C. C. A. 603, 59 Fed. 19, 18 U. S. App. 380. But in another and later case, in which the Chapman Valve Company, also a party to this appeal, was the complainant, the supreme court of Wisconsin, in a carefully considered opinion, affirmed the contrary ruling of the circuit court for Oconto county. Chapman Valve Mfg. Co. v. Oconto Water Co., 89 Wis. 264, 274, 60 N. W. 1004, 46 Am. St. Rep. 830. The ruling of this court was based upon the opinion delivered in the circuit court by Judge Jenkins, who, it will be observed, deduced his conclusion from the analogies of previous decisions of the supreme court of Wisconsin, none of which involved the precise question. That opinion and its affirmance by this court are referred to in the later opinion of the Wisconsin court, which declared itself 'constrained to a different judgment by the force of its former decisions and by the logic of the situation,' and added that the view taken was deemed to be 'in accord with the weight of authority and the better reason.' That decision, being the first direct ruling of the supreme court of the state upon the exact question under consideration, must be regarded as establishing a construction of the statute which the federal courts will follow without further inquiry. Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10, 27 L. Ed. 359; Stutsman Co. v. Wallace, 142 U. S. 293, 12 Sup. Ct. 227, 35 L. Ed. 1018; Bauserman v. Blunt, 147 U. S. 647, 13 Sup. Ct. 466, 37 L. Ed. 316; Lowndes v. Town of Huntington, 153 U. S. 1, 14 Sup. Ct. 758, 38 L. Ed. 615; Roberts v. Lewis, 153 U. S. 367, 14 Sup. Ct. 945, 38 L. Ed. 747; Folsom v. Ninety-Six Tp., 159 U. S. 611, 16 Sup. Ct. 174, 40 L. Ed. 278; Balkam v. Iron Co., 154 U. S. 177, 14 Sup. Ct. 1010, 38 L. Ed. 953. In Forsyth v. City of Hammond, 18 C. C. A. 175, 71 Fed. 443, 34 U. S. App. 552, to which reference has been made, this court declined to follow the latest ruling of the supreme court of the state from which the case came, but it will be observed that it was because the decision was deemed to be distinctly inconsistent with the previous decisions of that court, and in conflict with the weight and general current of authority on the subject. In respect to the title of Andrews & Whitcomb, we are of opinion that the mortgage of the franchise carried with it the water plant. The franchise, as described in the ordinance referred to in the mortgage, included the right to 'construct, own, maintain, and operate' the particular water plant which was in contemplation and already in process of construction when the mortgage was executed. In the opinion in Chapman Valve Mfg. Co. v. Oconto Water Co., 89 Wis. 264, 273, 60 N. W. 1004, 1005, 46 Am. St. Rep. 830, it is said: 'Nor does the franchise follow the plant by force of the rule that the incident follows its principal. If that maxim has any application, it should be considered that the franchise is the principal thing. All other rights spring from the franchise.'"

It seems to this court now that after that decision there was not much standing ground for the appellant, founded upon its claim to a mechanic's or material man's lien under the statute. If the appellant has no lien subsequent and subordinate to the appellees' title, it is

difficult to see on what solid ground it could base a claim to redeem. It is simply in the position of a general creditor. As such it could not have been made a party to the foreclosure of the mortgages, because it had no lien upon, nor interest in, the property covered by the mortgages. And, no doubt, that was why it was not made a party to that foreclosure. If it could not be made a party to the foreclosure and its interest barred, it is difficult to see how, after Andrews & Whitcomb had purchased the property and sold it to the water supply company, the appellant, without any lien at all, can come in and demand the right to redeem and take the plant from the purchaser.

But this is not all the litigation that has been had between the parties. After the decision of this court was rendered adjudging that the appellant had no lien, and dismissing the bill for want of equity, an action was brought by this same appellant against the Oconto City Water Supply Company, in possession, to compel that company to surrender the waterworks property to the plaintiff, upon the theory that the defendant water company, by organizing under the statute to acquire title to such property, and the right to exercise all the rights, privileges, and franchises of the old corporation, and taking such property with knowledge of the plaintiff's lien, became a mere continuation of the old organization under another name. Judgment was prayed against the defendant for the amount of the plaintiff's claim against the old Oconto Water Company, and that it be given possession of the waterworks property; that defendant be enjoined from using the property,—particularly the pipes furnished by plaintiff and used in the construction of the plant,—unless within a reasonable time defendant should pay its claim. It will be observed that this suit was in equity, and went to the right and title to occupy and use the property. Defendant answered the complainant, and the issues thus formed were tried and determined by the state circuit court of Oconto county; the decision being, in effect, that in the aforesaid action in the federal court, to which the plaintiff and defendant were parties, it was decided that plaintiff was not entitled to any lien upon the waterworks property as against the title under the Andrews & Whitcomb foreclosed mortgages; that the issues raised in the case were all presented in the case in the federal court, and were adjudicated adversely to the plaintiff; and that such adjudication was binding between the parties, and conclusive in that action. Judgment was rendered in favor of the defendant, dismissing the plaintiff's bill of complaint. An appeal was taken from this judgment to the supreme court of the state, and an elaborate and satisfactory opinion given by Judge Marshall, affirming the decree of the circuit court. On the question of the issues in the case at bar being res adjudicata, in view of the former decision of this court and that of the supreme court of Wisconsin, what that court said in that case seems quite as applicable to this case as to the case in the state court. The court says:

"The question of whether the trial court erred in deciding that the judgment of the federal court is res adjudicata on all points upon which appellant relies to recover is presented for consideration. It is elementary that all questions appertaining to a cause of action, within the issues, and actually litigated, or which might have been litigated, are irrevocably an-

swered by the final decree, so far as affects the parties to such action, as regards the subject thereof. That, of course, includes not only the primary right sought to be enforced by the action, but matters germane to, and actually involved in, it. Wentworth v. Racine Co., 99 Wis. 26, 74 N. W. 551. It is conceded that under that rule it was not open for appellant in this case to litigate the question of whether its lien judgment was binding on the respondent. But it is said the right of appellant to hold the respondent liable for its claim, upon the ground that the latter took the property in controversy subject to its lien claim, was not involved in the former litigation, or presented to the court, or decided. It is with some difficulty, we confess, that we can follow the course of reasoning which leads to the statement of such premises as correct, or the conclusion based thereon. The validity of the Andrews & Whitcomb mortgages, and the title acquired through the foreclosure of them, were subjects of controversy in the creditors' suit. The pleadings show that, and the opinions filed, as well. If appellant was possessed of a claim upon the property, either by reason of the judgment against the Oconto Water Company or otherwise, paramount to the rights claimed under the Andrews & Whitcomb mortgages, they were entitled to have had such claim declared to them in the creditors' suit. The object sought by such suit was to obtain a decree to the effect that appellant was entitled to the property in controversy as it stood September 15, 1890, free from any claim of Andrews & Whitcomb, or any other party to the action. That brought before the court for adjudication the nature and validity of the title obtained through the foreclosure proceedings, not only as regards whether it was affected by the lien decree against the Oconto Water Company, because of Andrews & Whitcomb's connection with such company, but whether such title was subject to the appellant's claim under any circumstances. An examination of the pleadings in the creditors' suit leaves no doubt on that question, and, by reference to the published opinions of Judge Woods in the case, it appears that all the matters involved in the controversy above mentioned were actually decided. We might quote at length from such opinions, found in Andrews v. Pipe Works, 22 C. C. A. 110, 76 Fed. 166, 36 L. R. A. 139, and Id., 23 C. C. A. 454, 77 Fed. 774, 36 L. R. A. 153, conclusively establishing what is here said, but it is not deemed necessary. It is sufficient to say that in our judgment the decision in the creditors' suit is just as decisive that the title acquired by the foreclosure sale passed to the purchasers free and clear of any claim of the appellant, as it is that Andrews & Whitcomb were not bound by the lien judgment. Appellant's counsel concede that the effect of the decree is that their claim was not a lien upon the water company's property as against the Andrews & Whitcomb mortgages. With that concession, there was nothing left undecided, as it seems, which is involved in this case. If there was no lien as against the mortgagees, the owner under the foreclosure sale did not take any benefits which belonged legally or equitably to appellant."

It is true that the particular relief prayed for in this suit was not asked for in the former cases in the federal and state courts. But the issues involved and the prayers for relief were broad enough to cover the relief sought here if counsel had seen fit to make the claim. Under the decisions, what might fairly and properly have been litigated in these cases must be considered as having been litigated, and are answered by the final decree, as well as those things which were openly and professedly litigated. Upon the merits of the controversy in the state court, aside from the question of res adjudicata, the supreme court says:

"The mere fact that a suit is pending in the federal court on one cause of action or subject of action, affecting property not in the custody of the court, does not prevent the commencement or prosecution of any number of actions between other parties on other causes or subjects of action affecting the same property, or prevent the property from being seized in such other actions, so long as no prior possession of the res by the federal court is dis-

turbed. * * * Identity of subject of action or disturbance of actual possession is what limits the exclusive jurisdiction of the federal court as applied to this case. In that view, it is readily seen that the proceedings in the state court to foreclose the Andrews & Whitcomb mortgages did not conflict in the slightest degree with the jurisdiction of the federal court to enforce appellant's lien against the Oconto Water Company. * * * If the Andrews & Whitcomb mortgages were valid liens upon the waterworks property, paramount to plaintiff's claim, so that by the enforcement of the mortgages the purchaser at the foreclosure sale only obtained the benefit of the mortgage security, they became possessed of no benefit that they did not fully pay for, or anything that was equitably applicable to the payment of plaintiff's claim. The essential of prior equity of plaintiff in the property, which is an absolute essential to the liability of the new owner of such property for the debts of its predecessor, does not exist, so the principle invoked does not apply. * * * The defendant became the bona fide owner, for full value, of the property of the Oconto Water Company, and all the franchises possessed by it for the profitable use and enjoyment of such property. The purchasers at the foreclosure sale took title to the property with the incidental right conferred by section 1788, Rev. St. 1898, to form a new corporation to take the same by assignment, and possess the rights of the old organization. When the mortgages were given, section 1788, Rev. St. 1898, became a part of them, and a very material element in the value of the security. The right guarantied by such section was as much a part of the mortgage security as the tangible property described. The theory of the appellant is that the statute clothing a corporation circumstanced as the defendant is with the right to exercise the powers, privileges, and franchises possessed by the old corporation, which it shall have acquired bona fide, by mortgage sale, or by assignment based on a title acquired through such a sale, instead of adding to the value of a corporate mortgage covering all the property of the corporation, tangible and intangible, impairs it, and may destroy it, because a new corporation cannot be charged with the benefits of the statute without incurring the penalty of being liable for all the unsecured indebtedness of the old corporation, whether before the foreclosure sale the owner of the mortgage indebtedness had a first lien on the property or not. In other words, that the statute not only operates to prevent the general creditors from being cut off by the foreclosure proceedings, but transposes the parties so as to give the general creditors a claim on the property paramount to the mortgage. The statute will not admit of a construction leading to such an absurd result, even if the question were an open one; and it is not, as we have seen. The manifest purpose of it, as indicated, is to add to the value of a corporate mortgage of the kind under consideration. That is too plain to admit of serious controversy. Candor compels us to say that we do not think that the contrary theory merits the consideration we have given to it, since its fallacy is so glaringly apparent, and has so often been exposed in this and other courts. * * * To satisfy the above-indicated requirements, we are told that when Andrews & Whitcomb purchased the waterworks property at the foreclosure sale they knew that plaintiff had an adjudged lien thereon for the amount of their claim, good against the common debtor, and that the respondent was likewise circumstanced when it took the title; therefore, though it may be conceded that title passed to the respondent, it was subject to the lien judgment, and the respondent should not be allowed to use such property, except upon condition of paying the appellant's charge upon it. If that is good law, all a junior lien claimant need do to acquire precedence over the prior lien is to obtain a judgment for the enforcement of it in an action to which the prior lien claimant is not a party. We cannot agree with that proposition. The rights of Andrews & Whitcomb under their mortgages, relative to the rights of the appellant under the claim for a lien on the mortgage property, were not affected in the slightest degree by the judgment in the federal court in the lien suit. They were not parties to it or in privity with the Oconto Water Company so as to be bound as such. That seems too clear for serious controversy, and was adjudicated between the parties in the creditors' suit. So, if the appellant was not entitled to a lien on the waterworks plant as

against Andrews & Whitcomb, the latter derived no advantage from the foreclosure sale, except that for which they gave a full equivalent by a satisfaction of the mortgage indebtedness. They took the property without any burden resting upon it; hence incurred no duty, within the maxim which the learned counsel invoke."

There can be little question but that the decision of the state court is conclusive on the question of jurisdiction. It was fairly before that court for decision, and it decided it. But aside from the question being res adjudicata, there can be no doubt about the jurisdiction of the state court in the foreclosure proceedings. The appellant was not made a party to that suit, and so was not bound by the decree. The appellees were not parties to the suit to establish the mechanic's lien, and so were not bound by that judgment. On the question of the state court not having jurisdiction of the foreclosure proceedings because a suit for a wholly different purpose was pending in the federal court, it may be said there was no possession, actual or constructive, in either the state or federal court, during the pendency of foreclosure proceedings. The mortgagor was in actual possession during the whole time. There was no reason why the actions might not have proceeded concurrently as well as successively. The question of the better right to the property was open. Suit was brought by appellant to test that right in the federal court, and the judgment of the court went against it. Suit was then brought in the state court to test the same right, shifting the ground of the action, and the judgment of the state court was against the appellant's claim. A third suit is brought here to test the same claim, again shifting the ground of the action, but setting up and relying upon the same facts. As has already been said, if the issues involved are not fully and technically res adjudicata, they are so nearly so as to leave the appellant small standing room in court. It may properly be said that it has had its day in court. It has had its day in two courts,—in this court and in the state court. The decisions of those courts cover fully the several grounds of recovery as the appellant was then able to state them, and it cannot, by changing the grounds of its claim, continue the litigation indefinitely. One of the grounds of recovery stated in the former suit in the federal court, if it had been good for anything, was entirely adequate to furnish relief and give title and possession to the appellant. If it was entitled to a mechanic's and material man's lien on the plant, that, under the statute, would relate back to the very beginning of the improvement, and constitute a lien paramount to the lien of the mortgages; and, if the decree of the United States circuit court for the Eastern district of Wisconsin had been affirmed by this court, that would have given appellant title to the property under the sale which was made to it by the marshal under that decree. But that decree was reversed, and the bill dismissed. It had been held upon full consideration by the unanimous judgment of the highest court of the state, in the first case where the question had been squarely and fully considered, that the lien laws of Wisconsin had no application to properties of this kind. The terms of the statute were not broad enough to cover such a case, and it

was against public policy that it should. As the plant could not be separated from the franchise by any adverse process, there could be no lien by judgment on it. That was the settled law of the state, and this court could not do otherwise than follow the decision of the supreme court of Wisconsin. Improvement Co. v. Wood Co., 81 Wis. 559, 51 N. W. 1004, 17 L. R. A. 92; Fond du Lac Water Co. v. City of Fond du Lac, 82 Wis. 332, 52 N. W. 439, 16 L. R. A. 581; Chicago & N. W. Ry. Co. v. Forest Co., 95 Wis. 80, 70 N. W. 77; Chapman Valve Mfg. Co. v. Oconto Water Co., 89 Wis. 264, 60 N. W. 1004, 46 Am. St. Rep. 830.

In announcing its opinion in the Chapman Valve Mfg. Co. Case, supra, the supreme court of Wisconsin was simply enforcing the logic of its own prior rulings,—that the franchises and rights of a quasi public corporation, owing important duties to the public, and the property vested in it necessary for their use and enjoyment and the accomplishment of the purposes for which it was created, constitute an entirety, and, in the absence of special statutory authority, are not subject to be seized and sold on execution, or for mechanics' liens, or on tax process. Chicago & N. W. Ry. Co. v. Forest Co., 95 Wis. 80, 70 N. W. 77. The same principles were delivered by the supreme court of the United States in Buncombe Co. v. Tommey, 115 U. S. 122, 5 Sup. Ct. 1186, 29 L. Ed. 305, and Railway Co. v. Doe, 114 U. S. 340, 5 Sup. Ct. 869, 29 L. Ed. 136. So that it is stare decisis, as well as res adjudicata, that the statute of Wisconsin gives appellant no lien on this property,—the visible property or the franchise. Andrews v. Pipe Works, 22 C. C. A. 110, 76 Fed. 166, 36 L. R. A. 139; Id., 23 C. C. A. 454, 77 Fed. 774, 46 U. S. App. 619, 36 L. R. A. 153; National Foundry & Pipe Works v. Oconto City Water Supply Co., 105 Wis. 48, 81 N. W. 125. This last case affirms a judgment which determines that the appellant has not, and never has had, a lien on the plant and franchise, and that the Oconto City Water Supply Company owns the property by purchase from Andrews & Whitcomb under the foreclosure sale, by title paramount to, and free and clear of any claim or lien of, appellant. This might well have ended the litigation. If the appellant had no lien either prior or subject to the title of the water supply company, on what substantial ground could it claim a right to redeem the property from sale under the Andrews & Whitcomb mortgages? The appellant having no lien in fact, it was merely a general creditor of the water company, which it had trusted with material to go into the plant, and could not have been properly made a party to the foreclosure proceedings. Stout v. Lye, 103 U. S. 66, 26 L. Ed. 428; Herring v. Railroad Co., 105 N. Y. 340, 12 N. E. 763. As was said by the court below in its opinion in this case:

"The contention on behalf of complainant that the construction of the lien statute adopted by this court in the rendition of that judgment, which was affirmed on appeal (7 C. C. A. 603, 59 Fed. 19, 18 U. S. App. 382), being prior to the ultimate construction by the supreme court of the state, must control as a rule of decision up to the time of the final utterance, is opposed to the express ruling in Andrews v. Pipe Works, supra, and is not consistent with the rule stated recently by the United States supreme court in Wade v.

Travis Co., 174 U. S. 499, 19 Sup. Ct. 715, 43 L. Ed. 1060. In the absence of a lien or title in fact, there can be no right to redeem. It is true that a mortgagee during the continuance of that relation is not permitted to contest the bona. fides or validity of an actual conveyance from the mortgagor upon which to predicate the right. Even before foreclosure the mortgage cannot be subjected to payment or redemption by one who is in the status of a mere stranger to the title; and certainly the purchaser under a valid foreclosure may dispute either the fact of an interest acquired in the equity of redemption, or of the existence of such equity. Of the numerous cases cited in support of such right in the case at bar, none appear applicable."

The contention that the lis pendens filed in the lien suit puts the appellant in a position to demand redemption from sale under the foreclosure is also without foundation. It is true that by the lien action the parties were brought within the jurisdiction of the court, so that the lis pendens would bind any intermediate purchaser taking an interest from either party as a volunteer. But there is no warrant for saying that a like rule is applicable to the institution and completion of foreclosure proceedings by a mortgagee either in the same or some other court of co-ordinate jurisdiction. The opinion of this court by Judge Woods rendered on the decision of the motion for a rehearing when the case was here before (see Andrews v. Pipe Works, 23 C. C. A. 454, 77 Fed. 774, 46 U. S. App. 619) seems to be conclusive of this question. As there said:

"These defendants were not volunteer purchasers intervening as strangers. They purchased upon the foreclosure of their own mortgage, which antedated the commencement of the suit of the lienholders, and the title which they obtained related back to the date of their mortgage. The doctrine of lis pendens, as we conceive, does not apply."

If one decision of the same question is enough, then the appellant should be satisfied with that determination, which was made upon argument and consideration. The question was there fully presented upon the record, and there seems no reason to suppose any need to reargue the question in a new case. But upon the merits of the question we are satisfied that the lien decree was not operative in any such way, or in any way that has been suggested, to disturb or affect the title taken under the foreclosure. The mortgagees were the only persons having a lien upon the plant. At any rate, if there were any others, they are cut off by the foreclosure. They had advanced the amount of their mortgages in cash, which went into the construction of the waterworks plant. By their action and enterprise, and only thereby, was the plant saved to the city and to the people. The equities are all in favor of their grantee. Their mortgages were foreclosed, and all persons having any interest were made parties. They bid in the property for the full amount of their claim for money advanced, and for its full value, and sold to the water supply company.

There is some ground for the charge that the appellant has been blowing hot and cold with reference to its claims to this property, and that its positions in the same suit, even, are inconsistent with one another. The creditors' suit was grounded on the claim of a paramount title, and, as we have seen, if the appellant had had any lien at all, it would be paramount. But this court and the state court both

held, as to these appellees, it had no lien at all, either paramount or subordinate. After that litigation ended by the dismissal of its bill, this suit was brought, which cannot obtain unless the appellant's lien is subject and subordinate to the appellees' title. In the former suit appellant set up the lien decree, sale and marshal's deed, and the foreclosure of the mortgages in the state court, claiming a conditional title, to wit, an absolute title unless appellees paid its debt. In the present suit, upon the same facts, it claims a conditional title, but with a totally unlike condition, viz., that it pay appellees' debt. These remedies are quite inconsistent, but much akin in this: that they are equally unfounded. It may be quite doubtful whether the appellant can be allowed to pursue such contradictory remedies upon the same facts. If it can, there is no reason why litigation cannot be continued so long as counsel can suggest new points and make fresh presentations. It was held by the supreme court in Robb v. Vos, 155 U. S. 13, 15 Sup. Ct. 4, 39 L. Ed. 52, that where a party has two remedies inconsistent with each other, any decisive act by him, done with knowledge of his rights and of the facts, determines his election of his remedy. And in Green v. Bogue, 158 U. S. 478, 15 Sup. Ct. 975, 39 L. Ed. 1061, the supreme court held that:

"Where the facts averred and relied upon in a former suit between the same parties which proceeded to final judgment are substantially those alleged in the pending case under consideration, the fact that a different form or measure of relief is asked by the plaintiffs in the later suit does not deprive the defendants of the protection of prior findings and decision in their favor."

See, also, Crook v. Bank, 83 Wis. 31, 52 N. W. 1131, 35 Am. St. Rep. 17; Franey v. Park Co., 99 Wis. 40, 74 N. W. 548.

If the appellant's title under the marshal's deed is paramount to the appellees', as it still claims all through its brief, there is no need of an action to redeem, which cannot be maintained but by one holding a junior incumbrance. The language of the statute is:

"Any person having a lien at any time before the sale upon the mortgaged premises, or any part thereof or interest therein, subsequent to the lien of such mortgage may redeem." Section 3167, Rev. St. Wis. 1898.

And this is the law independent of statute. 2 Jones, Mortg. § 1055; Dawson v. Overmyer, 141 Ind. 438, 40 N. E. 1065; Lysinger v. Hayer, 87 Iowa, 335, 54 N. W. 145; Compton v. Jesup, 15 C. C. A. 397, 68 Fed. 331; Moore v. Beasom, 44 N. H. 215. If its title is paramount, it has a complete remedy in ejectment, and a court of equity has no jurisdiction. If it has a lien subordinate to that of the appellees, which is also apparently claimed,—for the appellant asks the privilege of redeeming,—from whence arises the lien, if not by virtue of the mechanic's lien laws of Wisconsin, which two courts have decided has no existence in fact or in law?

Other contentions are made, which have been duly considered by the court, but which it seems unnecessary to notice. The appellant is in the peculiar attitude of asking this court to enforce a judgment against the appellees to which they were not made parties, and which it must be now conceded was erroneously rendered upon a mistaken view of the effect of the lien law of Wisconsin, and against the law and public

policy of the state, as has now been declared by the highest authority. This the court cannot do. The court will not make haste to found a decree for new relief upon a previous decree which it must now be admitted was erroneous and contrary to the public policy of the state. Lawrence Mfg. Co. v. Janesville Cotton-Mills, 138 U. S. 552, 11 Sup. Ct. 402, 34 L. Ed. 1005; 2 Beach, Eq. Prac. § 904; O'Connell v. McNamara, 3 Dru. & War. 411; Gay v. Parpart, 106 U. S. 679, 27 L. Ed. 256; Lawrence v. Berney, 2 Rep. Ch. 127; Hamilton v. Houghton, 2 Bligh, 169.

We find no error in the record, and the decree of the circuit court is affirmed.

Note. Since the preparation of this opinion WOODS. Circuit Judge, departed this life, but he fully concurred in the opinion. The handing down of the opinion has been withheld until the case of National Foundry & Pipe Works v. Oconto City Water Supply Co., taken by writ of error to the United States supreme court from the decision of the supreme court of Wisconsin, should be decided. A decision by the United States supreme court in that case affirming the judgment of the supreme court of Wisconsin was handed down on January 6, 1902. 22 Sup. Ct. 111, 46 L. Ed. ——.